IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| STRIKE 3 HOLDINGS, LLC, | ) |
| | ) |
| Plaintiff, | ) |
| v. | ) |
| | ) Case No. 2:25-cv-2422-JPM-cgc |
| JOHN DOE, subscriber assigned IP Address 174.161.166.68, | ) |
| | ) |
| Defendant. | ) |

**PROTECTIVE ORDER**

Pursuant to the Court's Order Granting Plaintiff's *ex parte* Motion for Leave to Serve a Third-Party Subpoena Prior to a Rule 26(f) Conference, (ECF No. 10), the Court enters the instant Protective Order and attached Notice to Defendant. Failure to comply with any of the conditions may result in an award of sanctions.

The following is **ORDERED**:

1. Defendant may proceed anonymously as "John Doe" in this case unless and until the Court orders otherwise.

2. Plaintiff shall not initiate settlement discussions or attempt to contact Defendant prior to service of the Complaint, without leave of Court. If Defendant initiates such discussions, Plaintiff is permitted to participate therein and to settle the case.

3. Plaintiff may immediately serve a subpoena in compliance with Federal Rule of Civil Procedure 45 (the "Subpoena") on Comcast Cable Communications, LLC ("Comcast Cable") to obtain only the name and address of the Internet

subscriber(s) associated with the IP address: 174.161.166.68.  Plaintiff may not seek or obtain the subscriber's phone number or email address.  Nor may Plaintiff seek to obtain information about potential defendants other than the subscriber who is associated with the IP address 174.161.166.68 without a further court order.  The Subpoena shall have a copy of the separately docketed Protective Order, the Order Granting Plaintiff's Motion for Leave to Serve a Third-Party Subpoena Prior to a Rule 26(f) Conference, and the attached Notice to Defendant.

4. Comcast Cable will have **60 days** from the date of service of the Rule 45 Subpoena upon them to ascertain the name and address of the subscriber(s) associated with the IP address 174.161.166.68 and to serve the subscriber(s) with copies of: (1) the Subpoena; (2) the Notice to Defendant; (3) the Order Granting Plaintiff's Motion for Leave to Serve a Third-Party Subpoena Prior to a Rule 26(f) Conference; and (4) the Protective Order.  Comcast Cable may serve the subscriber(s) associated with the IP address 174.161.166.68 by written notice sent to the subscriber's last known address, transmitted either by first class mail or via overnight service.  The papers shall be enclosed in an envelope in the following order: (1) the Subpoena; (2) the Notice to Defendant; (3) the Order Granting Plaintiff's Motion for Leave to Serve a Third-Party Subpoena Prior to a Rule 26(f) Conference; and (4) the Protective Order.  Service shall be deemed complete three days after mailing.

5. Comcast Cable shall file a proof of service on the docket in this case **within 10 days** of mailing the documents to the subscriber(s) associated with the IP address 174.161.166.68.  Comcast Cable shall redact the name and address of the

subscriber(s) associated with the IP address 174.161.166.68 from the proof of service filed on the public docket. The unredacted copy of such proof of service shall be filed *ex parte* under seal with access only to Comcast Cable and the Court.

6. Defendant shall have **60 days** from service of the Subpoena, the Court's Orders, and the Notice to Defendant upon him or her to file any motions with this Court contesting the Subpoena (including a motion to quash or modify the subpoena).

7. Comcast Cable shall not turn over the subscriber(s)' identifying information to Plaintiff before the expiration of 60-day period after completion of service. If Defendant or Comcast Cable files a motion to quash or modify the Subpoena, Comcast Cable shall not turn over any information to Plaintiff until the motion(s) have been decided by the Court and unless the Court issues an order instructing Comcast Cable to produce the requested discovery. Comcast Cable shall preserve any subpoenaed information pending the resolution of any timely filed motions challenging the Subpoena.

8. If the 60-day period lapses without Defendant or Comcast Cable contesting the Subpoena, Comcast Cable shall have **10 days** to produce the information responsive to the Subpoena to Plaintiff's counsel for "Attorneys' Eyes Only" review. Comcast Cable shall provide a written statement to Plaintiff's counsel confirming compliance with this Order, which Plaintiff's counsel shall then file under seal with the Court. Any information produced by Comcast Cable will be limited to review on an "Attorneys' Eyes Only" basis and shall not be disclosed to Plaintiff, its employees, or agents.

9. Should Defendant appear in this action by contacting Plaintiff's counsel, filing a response to the complaint, or otherwise, Plaintiff may submit a letter request to change the designation of information produced by Comcast Cable from "Attorneys' Eyes Only" to "Confidential." Any information disclosed to Plaintiff in response to the Subpoena under this Order may only be used for the purpose of protecting Plaintiff's rights as set forth in its Complaint and only for this action, and no other purpose, including, but not limited to, future litigation against the same Defendant, unless otherwise ordered by the Court.

10. If Defendant moves to quash the subpoena or to proceed anonymously, Defendant shall, at the same time as any such filing, also notify Comcast Cable so that Comcast Cable is on notice not to release any of Defendant's information to Plaintiff until the Court rules on the motions.

11. Comcast Cable shall confer with Plaintiff and shall not assess any charge in advance of providing the information requested in the subpoena if permitted by the Court. Should Comcast Cable elect to charge for the costs of production, it shall provide a billing summary and cost report to Plaintiff.

12. Plaintiff's time to serve Defendant pursuant to Federal Rule of Civil Procedure 4(m) is extended to either thirty days after the expiration of the period within which Defendant or Comcast Cable may move to quash or modify the subpoena, or until thirty days following the denial of any such motion.

**IT IS SO ORDERED** this the 8th day of May, 2025.

/s/ Jon P. McCalla
JON P. McCALLA
UNITED STATES DISTRICT COURT JUDGE

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| STRIKE 3 HOLDINGS, LLC, | ) |
| Plaintiff, | ) ) |
| v. | ) ) Case No. 2:25-cv-2422-JPM-cgc |
| JOHN DOE, subscriber assigned IP Address 174.161.166.68, | ) ) ) |
| Defendant. | ) ) ) |

**NOTICE TO DEFENDANT**

1. You are a Defendant in the above-captioned case, <u>Strike 3 Holdings, LLC v. John Doe</u>, Case No. 2:25-cv-2422-JPM-cgc, a case now pending in the United States District Court for the Western District of Tennessee.

2. Attached with this three (3) page Notice are: (1) a subpoena, (2) a five (5) page Order Granting Plaintiff's Motion for Leave to Serve a Third-Party Subpoena Prior to a Rule 26(f) Conference, and (3) a four (4) page Protective Order. The two orders set forth certain deadlines and procedures related to this case. Together with this Notice, but not including the subpoena, there should be twelve (12) pages.

3. You may hire a lawyer to represent you in this case or you may proceed "*pro se*" (that is, you may represent yourself without the assistance of a lawyer). If you choose to represent yourself, you may request information about the case from the Clerk's Office of the United States District Court for the Western District of Tennessee, Western

1

Divisional Office, 167 N. Main Street Memphis, TN 38103, which may be reached at **(901) 495-1200.**

4. Plaintiff in this case, Strike 3 Holdings, LLC, has filed a court action against you claiming that you illegally downloaded and distributed adult movies via your Comcast Cable internet connection.

5. Plaintiff may not know your actual name or address, but it does claim to know the Internet Protocol address ("IP address") of the computer associated with the alleged downloading and/or distributing.

6. Plaintiff has served a subpoena requesting your identity and contact information from your Internet Service Provider ("ISP"), Comcast Cable. If you do not want your ISP to provide this information to Plaintiff and you believe there is a legal basis for the ISP to withhold the information, you may file a motion to "quash" or "modify" the subpoena with the Clerk's Office. This must be done within **60 days** of the date that you were served with the subpoena and notice from your ISP that you may be the target of the subpoenaed information in this case.

7. If you wish to take action, you should review the Court's Order which is enclosed. If you move to quash the subpoena or otherwise move to prevent your name from being turned over to Plaintiff, you may proceed anonymously at this time. Nevertheless, if you are representing yourself, you will have to provide your contact information to the Clerk's Office at the Court. This information is solely for use by the Court, and the Court will not provide this information to Plaintiff or lawyers for Plaintiff unless and until it determines there is no basis to withhold it. The Court requires this information so that it may communicate with you regarding the status of the case.

8. If you do not move to quash or modify the subpoena, you do not need to act at this time. It may be that Plaintiff will continue this action against you by serving a complaint on you. At that time, you will need to act in response to the Complaint as provided by federal law and the Federal Rules of Civil Procedure.

9. Even if you do not file a motion to quash or modify the subpoena, the Court has ordered that you may still proceed in this case anonymously at this time. This means that the Court and Plaintiff will know your identity and contact information, but your identity will not be made public unless and until the Court determines there is no basis to withhold it. If you want to proceed anonymously without filing a motion to quash or modify the subpoena, you (or, if represented, your lawyer) should provide a letter to the Clerk's Office stating that you would like to proceed anonymously in your case. This must be done within **60 days** of the date that you were served with notice from your ISP that you are a defendant in this case. You should identify yourself in your letter by the case number in which you are a defendant and your IP address. If you submit this letter, then your identity and contact information will not be revealed to the public unless and until the Court says otherwise.